ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Apelado<br><br>v.<br><br>**CARMELO TALAVERA BOSH**<br><br>Apelante | TA2025AP000163 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Crim. Núm.: **D IS2013G0001**<br><br>Sobre: Infr. Art. 144(A) CP |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

## SENTENCIA

En San Juan, Puerto Rico, a 22 de agosto de 2025.

Comparece ante nosotros por derecho propio y como indigente[1], Carmelo Talavera Bosh (Talavera Bosh o parte apelante) mediante *Apelación Civil* presentada el 15 de julio de 2025[2]. Recurre a este Foro apelativo con el propósito de que ordenemos ciertas directrices al foro de instancia y al Departamento de Educación, ello con relación a su destitución en el 2014 como maestro de estudios sociales e historia en el Distrito Escolar de Vega Alta.

Por las razones que expondremos a continuación, desestimamos el recurso de referencia por falta de jurisdicción.

## I.

Según surge del expediente, tras su destitución, Talavera Bosh acudió ante la Oficina de Apelaciones del Sistema de Educación (OASE), la cual declaró *No Ha Lugar* su apelación y decretó el cierre y archivo del caso. Inconforme, Talavera Bosh compareció ante este Tribunal de Apelaciones mediante el recurso

---

[1] Se declara *Ha Lugar* la *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia* instada por Talavera Bosh.
[2] Asignado a nuestra consideración el 11 de agosto de 2025.

KLRA202200015. En una *Sentencia* dictada el 17 de agosto de 2022, un Panel Hermano confirmó la resolución de la OASE.

Luego de llevar a cabo el proceso de eliminación de antecedentes penales, Talavera Bosh solicitó al Tribunal de Primera Instancia (TPI) la eliminación de su información del Portal del Poder Judicial. En una *Resolución y Orden* emitida el 22 de enero de 2025, el TPI expuso lo siguiente:

> Se ordena a la Directoria de Informática de la Oficina de Administración de Tribunales que remueva toda información relacionada al caso del Sr. Carmelo Talavera Bosh, de la pantalla de Consulta de Casos del Portal del Poder Judicial.
>
> La Secretaría de este Tribunal deberá notificar esta Resolución a la Directoria de Informática de la Oficina de Administración de Tribunales, así como al Hon. Sigfrido Steidel Figueroa, Director Administrativo de los Tribunales.

El 15 de julio de 2025, Talavera Bosh presentó el recurso de referencia, en el cual omitió hacer algún señalamiento de error.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___ (2025), este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia de la parte apelada.

## II.

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Metro Senior v. AFV*, 209 DPR 203, 208-209 (2022), citando a *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico*, 204 DPR 89, 101 (2020). Por ello, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385-386 (2020). Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que

no poseen discreción para asumirla donde no la tienen. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primacía. *Íd.*[3] Así, "cuando un tribunal determina que no tiene jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos".[4]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*, pág. 115, R. 83 (C), nos faculta, por iniciativa propia, desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

### III.

En primer orden, nos corresponde examinar si poseemos jurisdicción para atender el recurso instado por Talavera Bosh.

En su escrito, Talavera Bosh hace un recuento procesal de los hechos que llevaron al Departamento de Educación a destituirlo. En particular, expresa que la información publicada en las redes de "*Google*" ha tronchado su buen nombre y ha cerrado las puertas al sano derecho de tener un trabajo digno. Ante ello, nos solicita lo siguiente y citamos:

1. Que mi récord sea uno limpio en las publicaciones de este infame caso, en las redes sociales bajo mi nombre en *Google*. Con este número de caso: KLRA202200015 bajo el nombre del Poder Judicial. Quedando fuera del mismo, el despreciable término de "actos lascivos", que jamás pudo pasar, y mucho menos en presencia de mis progenitores, y un patio expuesto, con un vecindario inmediato y completo, el mismo que me vio nacer, crecer y superarme. Desde recién nacido, hasta ya la entrada a mi tercera edad.

2. Que el Departamento me devuelva todo lo que me arrebataron en mi salario y escalas salariales retroactiva desde el 2012 a la actualidad.

3. Aunque no me restituyan en mi otra plaza con número, R11048 de maestro regular de Estudios Sociales e Historia. Yo no volvería a ser maestro del

---

[3] Citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 249 (2012) y otros.
[4] *Allied Management Group, Inc. v. Oriental Bank*, supra, pág. 387.

sistema del Departamento de Educación de Puerto Rico. Aunque reconocemos, tanto estudiantes, padres y maestros de Vega Baja, que mi trabajo ha sido uno impecable, y que mi respeto y apreciación a mi persona, ha quedado intacto, no empecen (sic) a las opiniones del Departamento de Educación, ni de la opinión equivoca de ningún Tribunal. Finalmente, el pueblo de Vega Baja, al igual que el pueblo de Puerto Rico, cada día sabemos más, y abrimos los ojos, a otras realidades, que sabemos que pasaran a mejor servicio en pro de la justicia que todos necesitamos. La justicia real.

Analizado el expediente con detenimiento, resulta evidente que carecemos de jurisdicción para resolver los méritos del recurso presentado por Talavera Bosh. Este no recurre de ninguna determinación emitida por el Tribunal de Primera Instancia o el Departamento de Educación. Lo que podemos colegir del escrito bajo nuestra consideración es que Talavera Bosh acude directamente a requerirnos en jurisdicción original un remedio que no se encuentra comprendido dentro de nuestro ámbito de competencia.[5]

Cabe señalar que, si Talavera Bosh entiende que la otra parte no ha dado cumplimiento a alguna orden dictada previamente por el TPI, este podrá acudir a dicho foro y solicitar el remedio adecuado. Una vez el foro *a quo* adjudique la controversia, la parte que esté inconforme con el dictamen podrá acudir ante nos.

En consecuencia, procede la desestimación del recurso de autos, de conformidad con la Regla 83(C) de nuestro Reglamento, *supra*.

**IV.**

Por los fundamentos que anteceden, desestimamos el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[5] Véase, Artículo 4.006 de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico*, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y.